BUCHANAN COUNTY, etc., Plaintiff,

v.

EQUITABLE PRODUCTION
COMPANY, et al.,
Defendants.

Case No. 1:11CV00004.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 28, 2011.

Stephen R. Minor, Elliott, Lawson & Minor, Bristol, VA, and Lawrence L. Moise, III, Assistant County Attorney, Grundy, VA, for Plaintiff.

Stephen M. Hodges and Mark E. Frye, Penn, Stuart & Eskridge, Abingdon, VA, for Defendants.

## OPINION AND ORDER

JAMES P. JONES, District Judge.

Because jurisdiction is proper in federal court and there are not sufficient grounds to decline such jurisdiction, I will deny the Motion to Remand this tax case to state court.

### I

The plaintiff, Buchanan County, Virginia, filed this action in the Circuit Court of Buchanan County, Virginia, against the defendants, Equitable Production Company, Equitable Resources, Inc., and EQT Production Company (collectively, "EQT"). In its Complaint, the plaintiff sought a declaratory judgment rejecting certain deductions it alleged EQT took in calculating the amount of mineral severance tax due to the county. It also sought monetary relief in the form of taxes owed from previous years. The case was removed by the defendants to this court, with subject-matter jurisdiction based on diversity of citizenship and amount in controversy. 28 U.S.C.A. § 1332 (West 2006 & Supp.2010). Buchanan County has now moved to remand this case to state court pursuant to the Tax Injunction Act, 28 U.S.C.A. § 1341 (West 2006), or based on abstention doctrine or the principles of comity. The defendants oppose the motion, which has been briefed and argued and is ripe for decision.

■ The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341. It applies to actions for anticipatory relief and actions for declaratory relief. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982).

■ In *Jefferson County, Alabama v. Acker,* 527 U.S. 423, 435, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), the Supreme Court held that the Tax Injunction Act does not bar federal jurisdiction over tax collection actions or over defenses to such actions. By the terms of the statute, it does not apply to collection suits; a suit to collect a tax is not brought to restrain state action. *Id.* at 433–43, 119 S.Ct. 2069. Furthermore, the statute was modeled on other statutes preventing anticipatory actions brought by taxpayers to stop the initiation of collection proceedings and therefore was not intended to bar collection suits in federal court. *Id.* at 435, 119 S.Ct. 2069.

■ Buchanan County argues that federal jurisdiction is improper, despite the holding in *Jefferson County.* First, the plaintiff argues, citing *Orange County v. Expedia, Inc.,* 440 F.Supp.2d 1341 (M.D.Fla.2006), that because of the declaratory nature of the relief sought, *Jefferson County* does not apply. However, the suit in *Orange County* was solely a declaratory judgment action, while the suit here is for declaratory and monetary relief. The court there specifically noted that the suit was not a collection action. *Id.* at 1343. Furthermore, other cases have held that the Tax Injunction Act does not bar jurisdiction even when declaratory relief is sought. *See Mayor of Baltimore v. Vonage Am., Inc.,* 544 F.Supp.2d 458, 466 (D.Md.2008) (holding that there is federal jurisdiction over a city's claim for declaratory judgment in a tax case).

Buchanan County also asserts that the case should be remanded under principles of abstention and comity. It argues that abstention doctrines outlined in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), apply in this case. Buchanan County also cites two cases in support of its comity argument, *Levin v.*

*Commerce Energy, Inc.,* — U.S. —, 130 S.Ct. 2323, 176 L.Ed.2d 1131 (2010), and *DIRECTV, Inc. v. Tolson,* 513 F.3d 119 (4th Cir.2008).

■ Abstention is an insufficient basis for declining jurisdiction. Buchanan County argues that abstention doctrines apply because the state law issues are both important and complex and because the case involves state taxes and would affect the revenues for the state government. However, abstention is the exception, not the rule, and only applies in exceptional circumstances. *Colo. River Water Conservation Dist.,* 424 U.S. at 813, 96 S.Ct. 1236. It is not warranted here.

The only exceptional circumstance plausibly applicable to this case exists when "there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Id.* at 814, 96 S.Ct. 1236. In such a circumstance, abstention may be appropriate to prevent federal review that may disrupt state efforts to establish a coherent policy, such as when the state has established an elaborate regulatory system through which it implements state policy. *See id.* at 814–15, 96 S.Ct. 1236, (citing *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)). The mere potential for conflict in the results of adjudications does not warrant abstention. *Id.* at 816, 96 S.Ct. 1236. The plaintiff has not made a showing that an exceptional circumstance meriting abstention exists and has not cited to any case in which a federal court refused to exercise its jurisdiction based on abstention doctrines in a similar circumstance.

■ Likewise, the plaintiff's comity argument is unavailing. The cases cited by the plaintiff do not stand for the proposition that a federal court should not hear any action involving state tax law. Rather, the holdings are more limited. Both cases were initiated by taxpayers who challenged the constitutionality of a tax and therefore sought federal interference with the state's exaction of the tax. The courts held that the principle of comity is intended to avoid such federal interference. In *Levin,* the Supreme Court asserted that "[c]omity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity." 130 S.Ct. at 2330. The relevant discussion in *DIRECTV* specifically refers to the comity principle as applying "to deny relief in challenges to state tax laws." 513 F.3d at 123. Here, there is no challenge to the state tax law, and federal jurisdiction will not result in federal interference with the state's administration of its taxing authority.

Alternatively, the plaintiff argues that the defendant's counterclaim should be dismissed. The defendant has voluntarily dismissed its counterclaim, rendering this argument moot.

## II

For the foregoing reasons, it is **ORDERED** that the plaintiff's Motion to Remand (ECF No. 10) is DENIED.