**BUCHANAN COUNTY, etc., Plaintiff,**

v.

**EQUITABLE PRODUCTION COMPANY, et al., Defendants.**

**Case No. 1:11CV00004.**

United States District Court, W.D. Virginia, Abingdon Division.

June 1, 2011.

Lawrence L. Moise III, Assistant County Attorney, Grundy, VA, and Steven R. Minor, Elliot Lawson & Minor, Bristol, VA, for Plaintiff.

Stephen M. Hodges and Mark E. Frye, Penn, Stuart & Eskridge, Abingdon, VA, for Defendants.

## OPINION AND ORDER

JAMES P. JONES, District Judge.

In this local license tax collection case removed to this court by the defendant taxpayer based on diversity of citizenship, the plaintiff taxing authority has moved to voluntarily dismiss the case without prejudice in order to refile it in state court with additional nondiverse defendants so that it cannot be removed to federal court. Because the defendant will likely be prejudiced by such a dismissal, I will deny the motion.

### I

The plaintiff, Buchanan County, Virginia, brought this action against the defendants, Equitable Production Company, Equitable Resources, Inc., and EQT Production Company (collectively "EQT"), in the Circuit Court of Buchanan County. Buchanan County sought to collect local license taxes claimed to be owed by EQT.[1] EQT removed the action to this court based on its diversity jurisdiction. 28 U.S.C.A. § 1332(a) (West 2006). Buchanan County moved to remand, and the motion was denied. *Buchanan Cnty. v. Equitable Prod. Co.*, No. 1:11CV00004, 773 F.Supp.2d 638, 2011 WL 1118462 (W.D.Va. Mar. 28, 2011).

Buchanan County now moves to voluntarily dismiss the case, pursuant to Federal Rule of Civil Procedure 41(a)(2). EQT opposes the motion, which has been briefed and argued and is ripe for decision.

### II

In considering a motion for voluntary dismissal, the court "must focus primarily on protecting the interests of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987). However, "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir.2001). Factors to be considered in determining prejudice include the plaintiff's diligence in moving for dismissal, the stage of litigation, and the adequacy of the plaintiff's explanation for the need to dismiss. *Fid. Bank PLC v. N. Fox Shipping N.V.*, 242 Fed.Appx. 84, 89 (4th Cir.2007) (unpublished). "[P]rejudice to the defendant does not result from the prospect of a second lawsuit." *Davis*, 819 F.2d at 1274. Additionally, the mere fact that a case will be heard in state court rather than federal court is an insufficient basis for denying a motion for voluntary dismissal. *Id.* at 1275.

Buchanan County asserts that dismissal would not result in legal prejudice to EQT. It contends that the federal case has only just begun; discovery is at an early stage and the trial date is set for December. No dispositive motions are pending. Additionally, Buchanan County is candid about its strategy. It intends to refile the action in the Circuit Court of Buchanan County and add local business defendants so as to make the case nonremovable.[2]

---

1. Virginia law permits localities to levy a business license tax in the form of a severance tax on coal or gas, at a rate not exceeding one percent of the fair market value of the product at the time of utilization, sale or shipment. Va.Code Ann. § 58.1–3712(A) (2009). The statute further provides that for the purpose of calculating the fair market value of gases severed in Buchanan County in connection with coal mining, no deductions shall be allowed. Va.Code Ann. § 58.1–3712(B) (2009). Buchanan County contends that EQT has taken deductions in reporting fair market value on its license tax returns for the years 2006 through 2009 and thus underpaid the severance tax.

2. Buchanan County specifically cites to only one such taxpayer, Appalachian Enterprises,

EQT counters that dismissal would harm its interests. It argues that Buchanan County seeks dismissal "[w]ith deadlines for its initial disclosures and discovery responses imminent." (Def.'s Opp. 1.) It argues that Buchanan County never asserted the need to join other defendants earlier in the case, including during prior proceedings regarding removal and remand, and it has already spent considerable resources on the case. EQT also maintains that Buchanan County's reason for dismissal is insufficient. It argues that joinder of additional parties such as Appalachian Enterprises would not be permitted in state court.

I agree that the defendants would be prejudiced by dismissal. The case has been pending for well over a year, and EQT has expended considerable resources in bringing it to this point.

Moreover, and most importantly, the joinder of additional taxpayers would likely engender additional procedural fencing and prolong the resolution of the dispute, to the prejudice of the defendants.

Buchanan County has not shown that Virginia procedure would permit the joinder of multiple taxpayers in one collection lawsuit. The test for joinder is contained in the Virginia statute providing that "[a] party . . . may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined *arise out of the same transaction or occurrence.*" Va.Code Ann. § 8.01–281(A) (2007) (emphasis added); *see also* Va. Sup.Ct. R. 1:4(k). In this respect, Virginia law is similar to the Federal Rule of Civil Procedure 20, which allows joinder of defendants of claims "with respect to or arising out of the same transaction, occur-

rence, or series of transactions or occurrences," except that the Virginia statute and rule do not refer to "series of transactions or occurrences." *See, Wright v. Eli Lilly & Co.*, No. 03–2891, 2004 WL 2656839, at *5 (Va.Cir.Ct. Nov. 15, 2004).

In this case, while there may very well be common questions of law in any effort to collect the severance tax from Buchanan County taxpayers, the facts supporting the various claims are likely different and clearly do not arise out of the same transaction or occurrence. Each defendant's ultimate liability would depend upon its particular business operation and tax returns.

■ Buchanan County asserts that whether joinder would be proper is irrelevant. It believes that even if the state court severs other parties as misjoined, the case against EQT will still be nonremovable under the "voluntary/involuntary rule." Under such a rule, a diversity case is nonremovable if nondiverse parties are dismissed by the state court action rather than voluntarily by the plaintiff. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1988). The theory behind the rule is that a plaintiff may appeal a state court's dismissal of a nondiverse party, and therefore complete diversity would only exist temporarily. *Id.*

■ There is an exception to the voluntary/involuntary rule, referred to as "fraudulent joinder." *See Mayes v. Rapoport*, 198 F.3d 457, 461 n. 9 (4th Cir.1999). Under the fraudulent joinder exception, removal to federal court will be permitted when nondiverse defendants were improperly joined in an effort to defeat complete diversity and prevent removal. *Id.* at 461.

---

Inc. According to Buchanan County, the deductions for that taxpayer are similar in kind

to those which EQT allegedly took.

While the plaintiff's desire to have its case tried in state court is no ground for refusing voluntary dismissal, the protracted litigation necessary to sort out these issues in the future, both in state court and upon a later possible attempted removal, would legally prejudice the defendant.

## III

For the foregoing reasons, voluntary dismissal is inappropriate. It is therefore **ORDERED** that the plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF No. 24) is DENIED.